536 A.2d 431

**Dennis E. VAUGHN, Sr., Appellant**

v.

**Margaret E. VAUGHN.**

Superior Court of Pennsylvania.

Argued Oct. 28, 1987.

Filed Jan. 21, 1988.

334

Claudia DeArment, Hanover, for appellant.

Lewis P. Sterling, York, for appellee.

Before WIEAND, TAMILIA and CERCONE, JJ.

CERCONE, Judge:

Appellant and appellee were married on April 29, 1961 at which time appellant was in the service of the United States Navy. Appellant retired from active duty on February 17, 1978. Appellee and appellant subsequently separated and were divorced on January 10, 1985. Equitable distribution of the marital property, with the exception of appellant's military retirement pension, was accomplished pursuant to an agreement between the parties. As of December, 1984, appellant's total monthly pension was $743.58.

A master was assigned to take testimony regarding the distribution of appellant's pension. Following two hearings on the matter, the master determined that the military pension was subject to equitable distribution and apportioned to appellee sixty (60) percent of the pension. At the time of the master's report, appellant's pension had been increased to $790.00 monthly. The lower court accepted the master's recommendation and exceptions to the award were denied. This appeal followed.

The sole issue before this court is whether the lower court erred in awarding sixty (60) percent of appellant's military retirement pension to appellee as part of the equitable distribution of the marital property. Our standard

of review was recently reiterated by this court in *Metzger v. Metzger*, 369 Pa.Super. 17, 534 A.2d 1057 (1987):

An order of equitable distribution of marital property shall not be reversed absent a finding that the trial court abused its discretion. *Baraff v. Baraff*, 338 Pa.Super. 203, 210, 487 A.2d 925, 929 (1985). "Under this standard, we do not usurp the hearing court's duty as fact finder. Rather, we apply the legislative guidelines of the Divorce Code to the record to determine whether or not the hearing court has abused its discretions." *Barnhart v. Barnhart*, 343 Pa.Super. 234, 237, 494 A.2d 443, 444 (1985).

*Id.*, 369 Pa.Superior Ct. at 24, 534 A.2d at 1060.

 Preliminarily, we note that the lower court correctly held that military retirement pensions are subject to equitable distribution. Section 1408(c)(1) of the Uniform Services Former Spouses' Protection Act provides that "a court may treat disposable or retainer pay payable to a member for pay periods ... either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C. § 1408(c)(1). Further, the Pennsylvania Divorce Code excepts from equitable distribution only military disability compensation rather than military retirement pensions. 23 Pa.S.A. § 401(e)(6). *See also Major v. Major*, 359 Pa.Super. 344, 518 A.2d 1267 (1986).

 Turning to the issue at bar, we find that the lower court's determination was correctly guided by the considerations mandated by section 401(d) of the Divorce Code, 23 Pa.S.A. § 401(d). Specifically, the lower court considered as relevant that the parties were married for over twenty-three (23) years,[1] that appellant enjoys good health and earns $243.54 per week in addition to his pension benefits,[2] that appellee suffers from leukemia which has in the past interrupted her ability to earn an income,[3] and that appellee

1. 23 Pa.S.A. § 401(d)(1).
2. *Id.* § 401(d)(3) & (6).
3. *Id.* § 401(d)(3).

had contributed to the marriage her skills as a homemaker during appellant's military service.[4] Additionally, the lower court noted that appellee's gross weekly earnings during the periods of her employment are $128.00 [5] and that appellee has waived her right to rehabilitative alimony.

Our review of the record discloses that the lower court thoroughly and thoughtfully addressed the issue on appeal in accordance with the requirements of section 401(d) of the Divorce Code. As such, we find no abuse of discretion on the part of the lower court. Affirmed. Jurisdiction relinquished.