578 A.2d 459

**David L. GRAHAM, Appellant,**

v.

**Judy A. GRAHAM.**

Superior Court of Pennsylvania.

Submitted June 4, 1990.

Filed July 19, 1990.

George M. Lynch, Latrobe, for appellant.

James T. Farrell, McKeesport, for appellee.

Before FORD ELLIOTT, HOFFMAN and HESTER, JJ.

HESTER, Judge:

David L. Graham ("husband") appeals from the January 9, 1990 divorce decree entered by the Court of Common Pleas of Westmoreland County. The decree granted appellant's divorce from Judy A. Graham ("wife") and ordered equitable distribution of the marital property. Husband contends that the trial court improperly attempted to attach his pension by providing for a Qualified Domestic Relations Order ("QDRO") to divide his Pennsylvania State Employees Retirement Plan, or an alternative of an immediate award to wife of $51,915.70, representing 40.17% of the current value of his pension benefits in the event the state refused to honor the QDRO. Husband does not contest that part of his pension is marital property, but asserts that

the pension may not be attached and implicitly argues that the court erred by distributing the pension in the alternative through an immediate award to the wife.

The record reveals that the parties married June 4, 1966, and separated November 30, 1985. Husband was a public school teacher for many years but elected to take voluntary sabbatical leave for a year following the separation and moved to eastern Pennsylvania. Wife worked intermittently during the marriage and currently is employed part-time by the Westmoreland County Motor Club. The parties have one minor daughter who has emotional and medical problems. The marital home, other real estate, and pension are the only substantial assets of the parties.

Husband raises the sole argument that the trial court improperly awarded wife an interest in his pension. Husband concedes that a portion of the pension is marital property, 23 P.S. 401(e), but argues that provisions in the act governing retirement for school employees preclude attachment. He cites 24 Pa.C.S. § 8533 [1] for the proposition that his pension may not be attached and presumably asserts that an offset should be made elsewhere.

■ In support of his argument, husband contends that the legislature's intent was clear in its all-inclusive statement in 24 Pa.C.S. § 8533 that the pensions are "exempt from levy and sale, garnishment, attachment or any other process whatsoever." Husband contends that 24 Pa.C.S. § 8533 was amended on October 5, 1980, six months after

---

1. 24 Pa.C.S. § 8533 provides:

(a) *General rule.*—Except as provided in subjection (b), the right of a person to a member's annuity, a State annuity, or retirement allowance, to the return of contributions, any benefit or right accrued or accruing to any person under the provisions of this part, and the moneys in the fund are hereby exempt from any State or municipal tax, and exempt from levy and sale, garnishment, attachment, or *any other process whatsoever,* and shall be unassignable.

(b) *Forfeiture.*—Rights under this part shall be subject to forfeiture as provided by the act of July 8, 1978 (P.L. 752, No. 140), known as the "Public Employee Pension Forfeiture Act." 1975, Oct. 2, P.L. 298, No. 96 § 1, imd. effective. As amended 1980, Oct. 5, P.L. 693, No. 142, § 210(a), effective in 60 days.
(Emphasis added).

passage of the Divorce Code on April 2, 1980, without modification of the quoted language. Husband consequently argues that consistent with principles of statutory interpretation, the later and more specific legislative statement set forth in 24 Pa.C.S. § 8533 should control and prevent any attachment of his pension. *See* 1 Pa.C.S. § 1921(b) and (c). We note that the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*, as amended by the Retirement Equity Act of 1984 ("REA"), 29 U.S.C. § 1056 (Supp. III 1985), do not apply since a state pension is involved.

■ Husband also distinguishes an earlier supreme court case on this issue, *Young v. Young,* 507 Pa. 40, 488 A.2d 264 (1985), by contending the reasoning used by the majority in that case is inapplicable. He asserts that the ambiguity and full faith and credit issues relied upon by the majority in *Young* do not apply to this case. In *Young v. Young, supra,* our supreme court reversed a decision by this court denying attachment of a police pension pursuant to a decree of equitable distribution. *Young v. Young,* 320 Pa.Super. 269, 467 A.2d 33 (1983) (principles of legislative interpretation require that the legislature meant to exempt state and municipal pensions from attachment, even in divorce cases). Justice Larsen, speaking for the majority in reversing, relied upon the statutory principle that the legislature would avoid an unreasonable result in favoring public convenience over private vital interests and would seek to promote justice. The majority also based their reasoning on ambiguities that they perceived in the language used by the legislature which husband contends is not present in the statutes at issue in this case.

We find husband's argument to be without merit. First, the Divorce Code subsequently was amended on February 12, 1988, after enactment of 24 Pa.C.S. § 8533. 23 P.S. § 401 was inserted, including subsection (k), governing remedies for failure to comply with an order of equitable distribution. It provides in pertinent part:

(k) If, at any time, a party has failed to comply with an order of equitable distribution, as provided for in this

section ... after hearing, the court may, in addition to any other remedy available under this act, in order to effect compliance with its order:

1) enter judgment;

2) authorize the taking and seizure of the goods and chattels and collection of the rents and profits of the real and personal, tangible and intangible property of the party;

3) award interest on unpaid installments;

4) order and direct the transfer or sale of *any property* required in order to comply with the court's order;

5) require security to insure future payments in compliance with the court's order[.]

(Emphasis added).

We conclude that this is a clear subsequent expression of intent by the legislature directly contrary to the position and interpretation advocated by husband. Even though it addresses enforcement rather than entry of orders for equitable distribution, 23 P.S. § 401 contemplates attachment of pensions.[2]

Second, we determine that the resolution of the issue raised by husband is indeed dictated by the supreme court's holding in *Young v. Young, supra.* The supreme court set forth two reasons why it did not perceive the legislature as intending to exclude state or municipal pensions from equitable distribution. The court stated:

[First], "Retirement funds ... are created for the protection of not only the employee, but for the protection of his family as well. Hence, the provisions exempting assignments and attachments contained therein are to relieve the person exempted from the pressure of claims that are hostile to his *and to his dependents' essential needs",* citing *Fowler v. Fowler,* 116 N.H. 446, 362 A.2d 204, 205, 93 A.L.R.3d 705 (1976).

---

**2.** We note that courts have refused to consider an alimony award in isolation; the earnings received from investments funded by an equitable distribution award have been considered when determining the adequacy of the dependent spouse's income.

[Second], we note that a family loses its ability to spend a portion of its income when that income is deferred and placed in a pension. It would be terribly unfair to read an exemption statute, which was created to protect a pension for the benefit of a retired employee's family, in such a way that the exemption would bar children *or a former spouse* from receiving support from the very fund created for their benefit, and would once again deny them the benefits of the income they sacrificed to a pension years before.

*Id.,* 507 Pa. at 47–50, 488 A.2d at 267–269 (emphasis added).

We conclude that both the supreme court's reasons apply to the instant case. Finally, we note that the supreme court's reversal in *Young* specifically concerned whether a court could attach a pension in an *order of equitable distribution.* Consequently, we conclude that the supreme court has spoken directly on this issue raised by husband when it reversed this court in *Young* and that we are bound to follow that precedent and reasoning in the instant appeal. *Accord: Ciliberti v. Ciliberti,* 374 Pa.Super. 228, 542 A.2d 580 (1988); *Vaughn v. Vaughn,* 370 Pa.Super. 333, 536 A.2d 431 (1988).

Order affirmed.