578 A.2d 922

**Laverne LAUGHLIN, Appellant,**

v.

**John J. LAUGHLIN, Appellee.**

Supreme Court of Pennsylvania.

Submitted March 8, 1990.

Decided Aug. 14, 1990.

Daniel P. McDyer, Anstandig, Levicoff & McDyer, Pittsburgh, for appellant.

John E. Nickoloff, John E. Nickoloff, P.C., Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

ZAPPALA, Justice.

The issue presented is whether a trial court has the authority to enter a wage attachment order to enforce a court order relating to equitable distribution.

A complaint in divorce was filed by Appellant Laverne Laughlin (wife) on April 4, 1983, including counts requesting equitable distribution, alimony, alimony pendente lite, and counsel fees. The economic issues were referred to a master. The wife filed exceptions to the master's report and recommendation. On January 12, 1987, the trial court entered an order which adopted the master's recommendations. Neither party appealed from the order.

The marital property subject to equitable distribution included (1) household furnishings valued at $550.00, (2) a horse program tax shelter valued at $2,500.00, (3) proceeds of the sale of the marital residence valued at $9,451.00, and (4) the husband's pension valued at $38,000.00. The trial court directed that the following distribution be made:

1. The net cash proceeds from the sale of the marital residence shall be awarded to the Wife.

2. The Wife is awarded the sum of NINETEEN THOUSAND ($19,000.00) DOLLARS, which sum represents one-

half (½) of the stipulated value of the Husband's pension. In the event that the Husband is unable to pay said sum in its entirety, then the Husband shall issue the Wife a Judgment Note in the sum of NINETEEN THOUSAND ($19,000.00) DOLLARS at an interest rate of one point above the prime rate established by Mellon Bank, N.A., as of the date of the execution of said Note. Equal monthly payments shall be made for sixty (60) consecutive months with the balance due with the last payment. Upon the death of the Husband, any and all sums are due and payable. Husband shall secure said Note with a policy of life insurance or other such securities acceptable to the Wife.

The remainder of these benefits is awarded to the Husband.

3. The Husband is awarded the furnishings of the marital residence. Each party is awarded any other marital property which is presently in the party's possession, custody or control.

4. Alimony presently payable to the Wife shall cease as of the date of this Order.

5. The Husband is awarded the horse program. In addition thereto, the Husband shall assume the Wife's obligation with respect to the loan issued to the parties by Commercial Credit Corporation.

6. The Wife is awarded the sum of ONE THOUSAND FIVE HUNDRED FIFTY ($1,550.00) DOLLARS as reimbursement of Wedding expenses plus FIFTY ($50.00) DOLLARS that makes distribution equal.

On March 10, 1987, the wife filed a Petition for the Attachment of Wages and a Rule to Show Cause why the husband, Appellee John Laughlin, should not be held in contempt for his failure to pay the wife the monies owed to her pursuant to the court's order. A rule to show cause was issued and made returnable on April 21, 1987, at which time the trial court held a hearing. The trial court found that the husband had willfully failed to comply with the court's order and entered an order directing, inter alia, that

the husband's wages be attached forthwith in the amount of $493.25 per month for a period of sixty months.

The husband filed an appeal to the Superior Court asserting that the trial court erred in holding him in contempt of court for failing to comply with the order of January 12, 1987, and by attaching his wages to enforce the court order. The Superior Court affirmed the trial court's order as to the contempt finding and the direction that the husband pay counsel fees, but reversed as to the attachment of wages. 372 Pa.Super. 24, 538 A.2d 927. We granted the wife's petition for allowance of appeal and now reverse the order of the Superior Court insofar as it relates to the wage attachment.

The Superior Court accepted the husband's argument that only monetary judgments for child or spousal support, not equitable distribution orders, may be enforced through a wage attachment. The Superior Court relied upon Section 8127 of the Judicial Code which provides that:

§ 8127. **Personal earnings exempt from process.**

The wages, salaries and commissions of individuals shall while in the hands of the employer be exempt from any attachment, execution or other process except upon an action or proceeding:

(1) For support.

(2) For board for four weeks or less.

(3) Under the act of August 7, 1963 (P.L. 549, No. 290), referred to as the Pennsylvania Higher Education Assistance Agency Act.

42 Pa.C.S.A. § 8127. Reasoning that equitable distribution is not a form of support, the Superior Court found that the trial court erred in attaching the husband's wages in order to fulfill his obligation under the equitable distribution order.

The resolution of this issue does not rest solely upon an interpretation of Section 8127 of the Judicial Code, however. The wife asserts that the trial court had concluded properly that Sections 401(b) and (c) of the Divorce Code, 23 P.S.

§ 401(b) and § 401(c), empowered the court to enter an order attaching wages in the enforcement of an order disposing of property rights.

Section 401(b) provides:

Any decree granting a divorce or an annulment, shall include after a full hearing, where these matters are raised in any pleadings, an order or orders determining and disposing of existing property rights and interests between the parties, custody, partial custody and visitation rights, child support, alimony, reasonable attorney fees, costs and expenses and any other related matters including the enforcement or agreements voluntarily entered into between the parties. *In the enforcement of the rights of any party to any such matters, the court shall have all necessary powers, including but not limited to, the power of contempt and the power to attach wages.*

23 P.S. § 401(b) (Emphasis added.)

The Superior Court disposed of the wife's argument in footnote one of its opinion, concluding that Section 8127 controls in determining whether wages may be attached by a trial court in matters involving equitable distribution. The Superior Court acknowledged that a literal reading of Section 401(b) and 401(c) indicates that the trial court does have the power to attach wages, but applied the principles of statutory construction to find otherwise. We conclude that Section 401(b) does vest authority in the trial court to issue wage attachments to enforce equitable distribution orders. The Superior Court's error was in the application of statutory construction principles, not in its reading of the provisions of the Divorce Code.

The relevant section of the Statutory Construction Act, provides as follows:

### § 1933. Particular controls general.

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the

two provisions is irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933. In analyzing the relevant provisions, the Superior Court concluded that Section 8127 was the special provision which prevails. We must reject the Superior Court's analysis because we conclude that the Divorce Code provisions explicitly authorizing the trial court to enter a wage attachment order enforcing the disposition of marital property rights are the specific provisions that must control.

The general exemption from wage attachment is that stated in Section 8127 of the Judicial Code. Section 401 of the Divorce Code was enacted in 1980, subsequent to the enactment of the general exemption. Section 401, which must be construed as an exception to the general exemption from wage attachment, was clearly intended to provide the courts with an additional means of enforcing its order.[1]

After Section 401 of the Divorce Code was enacted, Section 8127 was amended in 1982. That amendment, however, only added another exemption from the general rule for an action or proceeding under the Pennsylvania Higher Education Assistance Agency Act. That amendment did not manifest an intention by the legislature that the general provision of Section 8127 should prevail over the explicit grant of authority to the trial court in equitable distribution matters. To hold otherwise would excise that explicit grant

1. Section 401 of the Divorce Code was amended in 1988 to add subsection (k), which permits the trial court to effect compliance with an order of equitable distribution by nine enumerated methods, including wage attachment. This amendment was adopted after the trial court's order in the instant case. We reject the husband's argument that the amendment indicates that the language of Section 401(b) was insufficient to grant the trial court authority to attach wages to enforce equitable distribution awards. The amendment delineates additional powers not specified in subsection (b), but does not alter the specific grant of authority contained therein.

of authority in Section 401(b) and defeat the intended purpose of that provision.

Accordingly, we affirm the order of the Superior Court insofar as it affirmed the finding of contempt and directed the husband to pay counsel fees and reverse that portion of the order relating to the wage attachment.