592 A.2d 788

**Mary Arlene MILLICK**

v.

**Howard Eugene MILLICK.**

**Appeal of PUBLIC SCHOOL EMPLOYES' RETIREMENT SYSTEM.**

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 1991.

Decided May 31, 1991.

Reconsideration Denied Aug. 6, 1991.

254

Irene Mary Chiavaroli, Harrisburg, for appellant.

Thomas O. Vreeland, Washington, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, SMITH, PELLEGRINI and BYER, JJ.

PELLEGRINI, Judge.

The Pennsylvania Public Employes' Retirement System (Retirement System) appeals from an order issued by the Court of Common Pleas of Washington County, finding the Retirement System in contempt for failure to obey an order dated February 7, 1989. The February 7 order enjoined, *inter alia*, the Retirement System from paying any retirement funds in its possession to which Howard Eugene Millick (Husband) was entitled. As a public school teacher, Husband was a member of the Retirement System and was eligible for certain retirement benefits and return of accumulated contributions.

The contempt order had its genesis in a divorce proceeding filed by Mary Arlene Millick (Wife) against Husband. Pursuant to a support order, Husband was required to pay wife $400 per month in spousal support and $125 per month in child support. When Husband was terminated from his school teaching position, Wife petitioned the trial court to enjoin Husband from receiving any retirement funds from the Retirement System. Wife asserted those funds were needed to pay her $2,000 that Husband was in arrears in support payments. Moreover, she contended that those funds made up a substantial part of the marital assets, and Husband would waste those assets if paid to him.

The trial court granted Wife's request and enjoined Husband from receiving any retirement funds and also issued an order of attachment directing the Retirement System from distributing to Husband any funds to which he may be entitled that it had in its possession.[1] The Retirement System was further ordered to supply the Domestic Relations Office of Washington County with a statement of any funds which were due or which may be due to Husband.

Despite several requests from Wife's counsel, the Retirement System did not timely provide the ordered information to the Domestic Relations Office. When it finally sent the information, it had already paid to Husband two weeks earlier a lump sum amount of $29,587.09 from his retirement account. In its replies to Wife's counsel and to the Domestic Relations Office, the Retirement System consistently stated that it was not going to comply with the trial court's order to withhold payment because it believed that Section 8533 of the Public School Employees' Retirement Code, 24 Pa.C.S. § 8533(a), did not permit the Retirement System to attach a member's funds, and that the trial court lacked jurisdiction to enter the order requiring it to do so.[2]

Upon learning that Husband had received this lump-sum distribution from the Retirement System, Wife filed a Petition for a Rule to Show Cause why the Retirement System was not in contempt for non-compliance with the trial court's February 7, 1989 order. A Rule to Show Cause why the Retirement System should not be held in contempt and answer to relief was ordered by the trial court on October 20, 1989, with the Rule returnable on December 7, 1989. (R.R. 59a). In its answer to the Rule, the Retirement

1. Pa.R.C.P. 1920.43 provides that in a divorce action, at any time after the filing of the complaint ... "the court may order the seizure or attachment of real or personal property."

Subsection (c) of that Rule provides that the procedure shall conform to Rules 3111 to 3113 and Rules 3142 to 3145, which govern attachment execution.

2. Pa.R.C.P. 3142(a) provides that "the defense of immunity or exemption of property from attachment or a question of jurisdiction ... may be raised by preliminary objections ..." The Retirement System never filed preliminary objections.

System denied it acted contemptuously, claiming, as before, that it was under no obligation to comply with the order, because retirement benefits were not subject to attachment, and further asserted that the trial court lacked jurisdiction because original jurisdiction was with this Court. A hearing was held on the Wife's Rule to Show Cause.

The trial court issued a contempt order finding the Retirement System to be in contempt of its February 7, 1989 order for failing to provide information to the Domestic Relations Office and paying out retirement funds to Husband. The trial court also found the Retirement System responsible for Wife's marital share of Husband's pension benefits and ordered the Retirement System to reimburse Wife for her loss. The instant appeal followed.

The issues now before us are whether the Retirement Code governing retirement for public school employees precludes attachment of an employee's funds, when the attachment is ordered by a common pleas court pursuant to the Divorce Code[3] and/or pursuant to the statute governing support.[4]

The Retirement System argues that it did not have to comply with the order of the trial court, because to do so, it would have violated 24 Pa.C.S. § 8533(a) which it claims precludes the attachment of any funds held by the retirement system.[5] However, this same issue was definitively decided in *Young v. Young*, 507 Pa. 40, 488 A.2d 264 (1985), where our Supreme Court explored the purpose of statutes, as here, that bar attaching pension funds held by govern-

---

3. 23 P.S. § 102 of the Divorce Code, Act of April 2, 1980, P.L. No. 26, 23 P.S. §§ 101–801.

4. Act of October 30, 1985, P.L. 264, No. 66, *as amended,* by the Act of March 25, 1988, P.L. 296, No. 35, 23 Pa.C.S. §§ 4301–4307.

5. 24 Pa.C.S. § 8533(a) provides:
 (a) General rule.—Except as provided in subsection (b), the right of a person to a member's annuity or retirement allowance, to the return of contributions, any benefit or right accrued or accruing to any person under the provisions of this part, and the money in the fund, are hereby exempt from any State or municipal tax, and exempt from levy and sale, garnishment, attachment, or any other process whatsoever, and shall be unassignable.

mental entities and their applicability to preclude attachment when the attachment arises out of a divorce action. Our Supreme Court found that while legislature had generally intended to protect these pensions from attachment, a public pension, in that case, a police pension, may nevertheless be attached in order to satisfy an order whose purpose is to enforce an obligation of support, because the policy in Pennsylvania is to give priority to the enforcement of support orders and had created specific procedures to accomplish the policy.

Recently, in *Graham v. Graham*, 396 Pa.Superior Court 166, 578 A.2d 459 (1990), the Superior Court also dealt with whether the provisions of the Retirement Code governing retirement for school employees precludes attachment of those funds. The court in that case found that the decision in *Young*, wherein our Supreme Court found that the General Assembly had not intended to exempt state and municipal pensions from attachment in divorce cases, was controlling and permitted the school teacher's pension to be attached for equitable distribution.

The *Graham* court found unpersuasive husband's contention, as we do the Retirement System's, that the legislature, when it included in the Retirement Code an all-inclusive statement that pensions are "exempt from levy and sale, garnishment, attachment or any other process whatsoever" intended to encompass a school teacher's pension as marital property. Rather, the court found:

It would be terribly unfair to read an exemption statute, which was created to protect a pension for the benefit of a retired employee's family, in such a way that the exemption would bar children or a former spouse from receiving support from the very fund created for their benefit, and would once again deny them the benefits of the income they had sacrificed to a pension years before. *Young*, 507 Pa. at 47, 50, 488 A.2d at 267, 269.

*Graham*, 396 Pa.Superior Ct. at 171, 578 A.2d at 461.

While it should have already been abundantly clear to the Retirement System as far back as *Young* that

public pensions could be attached in divorce or support actions, we also hold that a school teacher's benefits can be attached for failure to provide support or for equitable distribution.

The Retirement System next argues that the trial court was without jurisdiction to enter an order not to pay Husband his retirement funds. It contends that only this Court has such jurisdiction. The Commonwealth Court has original jurisdiction under § 761 of the Judicial Code, 42 Pa.C.S. § 761, against all actions brought against the Commonwealth or one of its agencies, unless there is a specific exception to that jurisdiction.[6] Because it is a Commonwealth agency, the Retirement System argues that jurisdiction rests solely with this Court.

■ While original jurisdiction over official acts of the Commonwealth or its officers usually rests with this Court, 42 Pa.C.S. § 761 does not envision that this Court would have jurisdiction over matters the Commonwealth or its agencies are only incidentally involved with no interest in the outcome of the underlying action. Original jurisdiction by this Court normally only exists where the Commonwealth or one of its agencies is a party to the action and its rights are directly affected. Of course, even if the Commonwealth or one of its agencies' rights are only incidentally affected, it would be within this Court's appellate juris-

6. 42 Pa.C.S. § 761(a) provides that Commonwealth Court shall have original jurisdiction of all civil actions or proceedings against all Commonwealth government except: 1) in actions in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court; 2) eminent domain proceedings; 3) actions relating to matters affecting government units; 4) actions conducted pursuant to the Board of Claims Act; 5) actions in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign immunity of proceedings in the nature of assumpsit relation to actions in the nature of trespass; 6) by the Commonwealth government, including any officer thereof, acting in his official capacity, except eminent domain proceedings; 7) arising under The Insurance Department Act of 1921; and 8) original jurisdiction of which is vested in the Commonwealth Court by any statute hereafter enacted.

diction to review the trial court's actions.[7]

■ Moreover, the Divorce Code and the domestic relations support orders [8] that accompany divorce matters governs that area so completely that it, in effect, carves out an exception to that general rule. Pursuant to Section 301 of the Divorce Code, a court of common pleas has original jurisdiction over any and all matters arising from a complaint in divorce.[9] Section 401 provides:

> In all matrimonial causes, the court shall have full equity power *and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this act,* and may grant such other relief or remedy as equity and justice require against either party *or against any*

**7.** *Department of Public Welfare v. Alessi,* 119 Pa.Commonwealth Ct. 160, 546 A.2d 157 (1988), *petition for allowance of appeal denied,* 524 Pa. 623, 571 A.2d 385 (1989), is distinguishable because in *Alessi,* although the other parties to the litigation sought to make the Commonwealth a party directly involved and responsible for the payment of care under the Mental Health and Mental Retardation Act of 1966, Act of October 20, 1966, Special Sess., P.L. 96, *as amended,* 50 P.S. §§ 4101–4704, repealed in part by § 502 of the Mental Health Procedures Act, Act of July 9, 1976, P.L. 817, 50 P.S. § 7502, the issue was whether the common pleas court had personal jurisdiction over the Department of Public Welfare because of the lack of personal service.

**8.** Support is described as care, maintenance and financial assistance, and all forms of retirement and pensions are considered income for support purposes. Under Section 4302 of the law governing support matters, a trial court is given jurisdiction over employers, including Commonwealth agencies, and an order of support is defined to include:
> Any assistance imposed or impossible by law or by an court order, whether interlocutory or final, whether incidental to a proceeding for divorce, separate maintenance ...

23 Pa.C.S. § 4302.

**9.** The Divorce Code gives the trial court continuing jurisdiction of:
(1) The determination and disposition of property rights and interests between spouses, including any rights created by any antenuptial, post nuptial or separation agreement, and including the partition of property held as tenants by the entireties or otherwise any accounting between them, and the order of any spousal support, alimony, alimony pendente lite, counsel fees or costs authorized by law.
23 Pa.S. § 301(a)1.

*third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the case.* (Emphasis supplied).

23 Pa.S. § 401(c).

Section 4348 governing attachments in domestic relations matters also provides for notice requirements to an employer from the court and the penalties that can be imposed on an employer for willful non-compliance under an order of attachment.[10] Because the order was issued to enforce Husband both for support obligation and Wife's marital share,[11] the power to enjoin the funds that the Retirement System administers was well within the purview of the common pleas court.

The Retirement System asserts that if the trial court had jurisdiction to enter the order enjoining Husband's retirement funds and requesting information, they, the Retirement System, did comply with the order to the extent possible, because they provided information to the Domestic Relations Office of Washington County by letter dated May 18, 1989. The Retirement System also suggests its contact with Wife's counsel on March 10, 1989, where it advised

---

**10.** 23 Pa.C.S. § 4348 provides in pertinent part:
(a) Existing and certain future orders.—All orders of support existing as of the effective date of this provision, as well as all orders of support entered or modified ... shall provide for mandatory attachment of income ...
(i) Notice to employer.—The employer of an obliger shall be given notice of the attachment as provided by the Rules of Civil Procedure governing support ...
(k) Effect of noncompliance by employer.
(1) An employer ... who willfully fails to comply ... may be adjudged in contempt and committed to jail or fined by the court.
(2) The employer shall be liable for any amount the employer willfully fails to withhold from income due an employee under an order of attachment of income ...
(3) The court may, pursuant to general rule, attach funds or property of an employer.

**11.** In *Laughlin v. Laughlin*, 525 Pa. 141, 578 A.2d 922 (1990), our Supreme Court held that the trial court was empowered to enter a wage attachment order to enforce a court order relating to equitable distribution of marital property, which included, inter alia, husband's pension.

Wife that it would have to seek an injunction in this Court against the Retirement System or Husband discharged it of its obligation to follow the directives of the court.

The Retirement System was directed by the trial court to take two actions. One act was to notify the Domestic Relations Office without delay of the amount of funds owed Husband. The second act was to not distribute any of the funds in their possession to Husband until otherwise ordered. The Retirement System failed miserably in following either directive. Contrary to the trial court's order, the Retirement System distributed funds to Husband, and then notified the Domestic Relations Office of the funds due Husband when the distribution to Husband was a *fait accompli*.

The Retirement System also manifested a blatant disregard for the order of the trial court. As the trial court correctly noted, the Retirement System took no action to dissolve the injunction, supply the court with pertinent information or file preliminary objections challenging their attachment. (*See* Pa.R.C.P. 3142.) Its only action was to assert informally that it need not follow the mandate of the court order and to give Wife unsolicited advice regarding the merits of a structured property settlement and information as to the actual amount of funds she might have received if the funds had not been distributed to Husband.

■ We conclude that the information the Retirement System supplied to the Domestic Relations Office not to be in substantial compliance with the February 7, 1989 court order. We believe the trial court's order dated February 11, 1989, that found the Retirement System in contempt for not supplying information to the court, not honoring the court's restraining order by paying funds to Husband, and directing the Retirement System to pay Wife her marital share of the funds at issue, was proper, was within the trial court's jurisdiction and the Retirement System's enabling language did not prohibit it from complying with the order.

■ Nevertheless, because the trial court in its opinion stated that it "act[ed] prematurely ... in not following the two-hearing procedure for contempt,"[12] we will vacate the trial court's contempt order. This case is remanded to the court for additional hearings to determine whether the Retirement System should be sanctioned.

## ORDER

AND NOW, this 31st day of May, 1991, the order of the Court of Common Pleas of Washington County, entered December 11, 1989, finding the Pennsylvania Public School Employes' Retirement System in contempt, is vacated.

The case is remanded for the court to conduct the necessary proceedings to determine whether the Pennsylvania Public School Employes' Retirement System was in compliance and should be sanctioned for contempt of its February 7, 1989 order.

Jurisdiction relinquished.

BYER, Judge, dissenting.

I would reverse the judgment of contempt against the Pennsylvania Public School Employes' Retirement System (Retirement System), because the trial court lacked jurisdiction.

With certain exceptions not applicable to this case, the General Assembly has vested this court with exclusive original jurisdiction of actions against the Commonwealth and its agencies. 42 Pa.C.S. § 761(a). The February 7,

12. To hold a party in contempt, a five-step, two-hearing process must be followed. In *Commonwealth ex rel. Magaziner v. Magaziner,* 434 Pa. 1, 253 A.2d 263 (1969), wherein our Supreme Court held that procedural due process, essential in a civil contempt adjudication, requires a five-step, two-hearing procedure which includes: 1) rule to show cause why attachment should not be issued; 2) answer and hearing; 3) rule absolute; 4) hearing on contempt citation; and 5) adjudication of contempt. The trial court determined that although it had the jurisdiction to enter an order sanctioning the Retirement System, its February 11, 1989 order was in error and must be vacated because it acted prematurely in not following steps four and five of the contempt procedure.

1989 order with respect to which the appellant was found in contempt is in the nature of an injunction. Clearly, the courts of common pleas do not have jurisdiction to entertain injunction actions against the Commonwealth or its agencies; such actions can be filed only in this court.

The majority holds that the trial court had jurisdiction because the February 7, 1989 order was an attachment under Pa.R.C.P. 1920.43(c), and the exclusive jurisdiction under 42 Pa.C.S. § 761(a) should not be construed as extending to ancillary remedies in cases in which the Commonwealth or its agencies have only an incidental involvement.

I find it unnecessary to determine whether the majority is correct that our exclusive jurisdiction under 42 Pa.C.S. § 761(a) does not encompass attachment execution in actions where the Commonwealth or one of its agencies is merely a garnishee. That is because the record clearly shows that there was no such attachment in this case.

The February 7, 1989 order is in the nature of an injunction. It purports to enjoin the Retirement System. However, it was entered on the basis of a petition in which the plaintiff requested relief only against her husband. The plaintiff did not serve the petition on the Retirement System before presenting it to the court.

Our Supreme Court has provided in Pa.R.C.P. 1920.43(c) that where the trial court in a divorce action orders the attachment of property "in the possession of a garnishee, the practice and procedure shall conform as nearly may be to Rules 3111 to 3113 and Rules 3142 to 3145 governing attachment execution." The record in this case shows there was absolutely no compliance with Pa.R.C.P. 3111–3113 or 3142–3145. Indeed, at a minimum, Pa.R.C.P. 3111(a) mandates that the attachment "shall be served by the sheriff upon the garnishee" in the same manner as original process. The record demonstrates that the sheriff did not serve the so-called "attachment" in this case.

The Rules of Civil Procedure make clear that service of the writ of attachment on the garnishee *by the sheriff* is

required before the garnishee is subject to the injunction encompassed within the attachment. *See* Pa.R.C.P. 3111(c). If this truly were an attachment proceeding, the absence of proper service by the sheriff would preclude the contempt action against the garnishee.

We would not tolerate such a departure from the required manner of service under the Rules of Civil Procedure if we were dealing merely with the service of a writ of summons or complaint on an agency of the Commonwealth. Therefore, it seems only reasonable that we should require strict compliance with the Rules of Civil Procedure where the service of an alleged "attachment" is the predicate for holding an agency of the Commonwealth in contempt.

There was no attachment in this case. Plaintiff simply made no effort to comply with the rules applicable to an attachment execution. Instead, this case involves only an *ex parte* injunction against the Retirement System in an action in which the Retirement System was not named as a party. If the Retirement System had been named as a party to an injunction action, the trial court clearly would have been without jurisdiction. I believe the trial court likewise lacked subject matter jurisdiction here, so I respectfully dissent.