625 A.2d 637

**LOTTO JACKPOT PRIZE OF DECEMBER 3, 1982 WON BY Nicholas MARIANOV.**

**Appeal of Nicholas MARIANOV.**

Supreme Court of Pennsylvania.

Argued March 11, 1993.

Decided May 28, 1993.

Robert Rade Stone, Pittsburgh, for appellant.

Jullia A. Sheridan, Asst. Counsel Pennsylvania Dept. of Revenue, Harrisburg, for appellee.

Richard F. Rinaldo, Eckert, Seamans, Cherin & Mellott, Pittsburgh, amicus curiae, for Sylvia Trapuzzano.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

MONTEMURO, Justice.

The issue presented by this appeal is whether section 8 of the State Lottery Law, 72 P.S. § 3761–8, provides the Court of Common Pleas with the discretionary power to permit a voluntary assignment of lottery winnings.

The facts are undisputed and are as follows. On December 3, 1982, Nicholas Marianov won $3,460,973.04 in the Pennsylvania LOTTO Jackpot drawing. The prize was payable in 21 annual installments of $164,808.24, less taxes. On August 14, 1990, Marianov entered into an agreement with Anka Palitz

and Joseph L. Brady wherein Palitz and Brady purchased Marianov's remaining rights to the prize ("Agreement"). The Agreement was contingent on, *inter alia,* Marianov obtaining an order from the Court of Common Pleas of Allegheny County approving the transaction.[1]

On August 22, 1990, Marianov filed in the Court of Common Pleas of Allegheny County a "Petition to Approve Assignment of Lottery Prize," asserting that section 8 of the State Lottery Law, 72 P.S. § 3761–8, provided the court with the authority to approve such a transaction. This section provides:

> No right of any person to a prize shall be assignable except the payment of any prize drawn may be paid to the estate of a deceased prize winner, and, except that any person pursuant to an appropriate judicial order may be paid the prize to which the winner is entitled. The Secretary shall be discharged of all further liability upon payment of a prize pursuant to this section.

The Department of Revenue ("Department") moved to quash the petition asserting that section 8 of the Lottery Law prohibited voluntary assignments. The Court of Common Pleas determined that the phrase "pursuant to an appropriate judicial order" made it appropriate for a court to exercise its discretion in determining whether "a purported assignment is reasonable or in the best interests of the parties involved, including both the Commonwealth and the prize winner." (T.C.O. 7). The trial court then analyzed the totality of the circumstances of the assignment and determined that there is no reason in law or logic that the assignment should not be approved.

On appeal the Commonwealth Court determined *sua sponte* that the Court of Common Pleas did not have subject matter jurisdiction over this case. 144 Pa.Cmwlth. 658, 602 A.2d 402. The court held that, although not termed as such, this was an action in mandamus seeking to compel the Department to recognize the assignment. The court reasoned that since no tribunal other than Commonwealth Court was vested with the

1. Both Marianov and Brady were residents of Allegheny County.

authority to entertain such a cause of action brought against the Commonwealth, the Court of Common Pleas for Allegheny County lacked subject matter jurisdiction. *See* 42 Pa.C.S.A. § 761(a) (vesting the Commonwealth Court with original jurisdiction of any action by or against the Commonwealth government unless original jurisdiction is expressly vested in another tribunal). The Commonwealth Court, after finding it had exclusive original jurisdiction, addressed the merits of the controversy, and determined that section 8 did not permit assignments conditioned on discretionary judicial approval.

■■ Before addressing the merits of this case, we note our disagreement with the Commonwealth Court's conclusion that it had exclusive original jurisdiction. As the Commonwealth Court in *Millick v. Millick,* 140 Pa.Commw. 252, 592 A.2d 788 (1991) stated:

> While original jurisdiction over official acts of the Commonwealth or its officers usually rests with this Court, 42 Pa.C.S. § 761 does not envision that this Court would have jurisdiction over matters the Commonwealth or its agencies are only incidentally involved with no interest in the outcome of the underlying action. Original jurisdiction by this Court normally only exists where the Commonwealth or one of its agencies is a party to the action and its rights are directly affected.

*Id.* at 258, 592 A.2d at 791.

Indeed, the Commonwealth Court in the instant case recognized that it does not have exclusive original jurisdiction when the Commonwealth is merely a stakeholder. (slip op. at 9, n. 5).

In the present case, the Commonwealth would not be directly affected by the outcome of the case. Rather this is a situation where two parties sought court approval of a private agreement in which the Commonwealth was a stakeholder. The effect of permitting an assignment in this action would be no greater than the incidental administrative concerns present in the classes of cases in which the Commonwealth Court concedes that it does not have exclusive original jurisdiction.

*See Millick,* 140 Pa.Commw. 252, 592 A.2d 788. Since we find that the substance of this action is not one against the Commonwealth, we find that the Court of Common Pleas had subject-matter jurisdiction of the action.

■ As to the merits of this case, we agree with the Commonwealth Court that section 8 of the Lottery Law proscribes voluntary assignments of prize winnings, and that an order approving such a voluntary sale would not be an "appropriate judicial order" under the statute. The plain language of section 8 that "[n]o right of any person to a prize shall be assignable" provides a general prohibition against assignments. Marianov's proposed construction would transform the phrase "appropriate judicial order" to mean with leave of the court. This interpretation would effectively rewrite § 3761–8 to have the exception swallow the general prohibition. Permitting such a result would be contrary to the General Assembly's direction, "[t]hat the General Assembly intends the entire statute to be effective and certain." 1 Pa.C.S.A. § 1922(2). Further, we agree with the Commonwealth Court that despite the fact that there may be persuasive reasons for permitting voluntary assignments with leave of the court, "[i]t is not our stead to engraft upon legislation provisions which the General Assembly did not consider or did not see fit to enact." *In re J.S.,* 526 Pa. 418, 426, 586 A.2d 909, 913 (1991).

Additional support for rejecting Marianov's interpretation of the statute may be found in the fact that section 8 provides no standard for the court to follow to determine when a prize is assignable. The absence of a standard is an indication that the construction of the statute permitting a right of assignment with leave of the court is not what the General Assembly intended. Indeed, in the present case it is unclear what standard the trial court used. The trial court stated that it believed a judge could properly "exercise his discretion in determining whether a purported assignment is reasonable or in the best interests of the parties involved." (T.C.O. at 7). It is unclear from this statement whether a proposed assignment has to be in the parties' best interest, or merely reasonable, or

both. We decline to rewrite this section to create a standard-less exception that undermines the general prohibition against assignments of lottery winnings.

Rather, we agree with the Commonwealth Court's analysis that the language "appropriate judicial order" contained in the statute refers to an order in a separate proceeding where disposition of a lottery prize is an appropriate remedy. For example, an order directing payment of lottery winnings to a spouse as part of equitable distribution or spousal support may be an "appropriate judicial order" for purposes of section 8. *See Nuhfer v. Nuhfer,* 410 Pa.Super. 380, 599 A.2d 1348 (1991) (court determined that the right to a lottery prize may be included in marital property for purposes of equitable distribution).

Further, courts in other jurisdictions have similarly refused to permit the voluntary assignment of lottery winnings based on statutes containing similar language. *See Converse v. Washington State Lottery Commission,* 56 Wash.App. 431, 783 P.2d 1116 (1989) (limiting voluntary assignments is faithful to obvious intent of legislature to extend *parens patriae* to its lottery winners) citing *McCabe v. Director of New Jersey Lottery Comm'n,* 143 N.J.Super. 443, 363 A.2d 387 (1976) (New Jersey State Lottery Law prohibited voluntary assignments confirmed by judicial order).

Accordingly, we affirm the order of the Commonwealth Court vacating the order of the Court of Common Pleas approving the assignment.

LARSEN, J., files a dissenting opinion in which PAPADAKOS, J., joins.

LARSEN, Justice, dissenting.

I dissent because I believe that the Superior Court and not the Commonwealth Court had jurisdiction over the appeal of this case from the Court of Common Pleas. I agree with the majority that original jurisdiction was vested in the Court of Common Pleas because the Commonwealth is not directly affected by the outcome of this case and is, therefore, merely a

stakeholder. Because the Commonwealth is not directly involved, the Commonwealth Court did not have appellate jurisdiction, and this case should have gone to the Superior Court on appeal. *See* 204 Pa.Code § 201.2 (1988).

Additionally, I disagree with the majority that "section 8 of the Lottery Law proscribes voluntary assignments of prize winnings, and that an order approving such a voluntary sale would not be an 'appropriate judicial order' under the statute." Majority Opinion at p. 4. Section 8 states that:

> No right of any person to a prize drawn shall be assignable, except that payment of any prize drawn may be paid to the estate of a deceased prize winner, and, **except that any person pursuant to an *appropriate judicial order* may be paid the prize to which the winner is entitled.** The secretary shall be discharged of all further liability upon payment of a prize pursuant to this section.

72 P.S. § 3761–8 (emphasis added).

The statute specifically provides two exceptions to its general prohibition against assignment of lottery prizes, and one of these exceptions is where an appropriate judicial order has been entered granting such an assignment. Thus, the General Assembly has seen fit to permit assignments where an appropriate judicial order has been entered.

Despite the plain meaning of the statute, the majority interprets an "appropriate judicial order" to be "an order in a separate proceeding where disposition of a lottery prize is an appropriate remedy." Majority Opinion at p. 407. The majority has, in effect, rewritten the statute because nowhere in the statute is such an interpretation even remotely suggested. If the legislature had intended an "appropriate judicial order" to mean "an order in a separate proceeding where disposition of a lottery prize is an appropriate remedy," it surely would have used those words, but it did not.

Moreover, I believe that the standard articulated by the Court of Common Pleas that an "appropriate judicial order" be reasonable or in the best interests of the parties involved is

more than adequate. Accordingly, I would reverse the decision of the Commonwealth Court.

PAPADAKOS, J., joins this dissenting opinion.