643 So.2d 843 (1994)
In re LOUISIANA LOTTERY CORPORATION GRAND PRIZE DRAWING OF MARCH 21, 1992.
No. 94-CA-0289.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 1994.
*844 Richard P. Ieyoub, Atty. Gen., Jenifer Schaye, Asst. Atty. Gen., Thomas A. Warner, III, Asst. Atty. Gen., Harold Lee, Asst. Atty. Gen., Dept. of Justice Gaming Div., Baton Rouge, for intervenor/appellant.
Before SCHOTT, C.J., and BYRNES and WALTZER, JJ.
WALTZER, Judge.

STATEMENT OF THE CASE
On 21 March 1992, a lottery ticket purchased by C & J partnership[1] was selected as a winner of the Louisiana Lottery Corporation's grand prize, a total of twenty (20) equal annual installments of $57,000, less applicable taxes.
On 29 September 1993, Cove First Acquisition Corporation of New York (Cove), Ambrose Charles, Mary Carmouche and C & J Partnership (C & J) filed a petition in Civil District Court for the Parish of Orleans for judicial approval of the sale of Louisiana lottery proceeds by Charles, Carmouche and C & J to Cove. The petition was filed ex parte, naming no defendants and seeking no service of process. On the same day, the trial judge signed an ex parte order recognizing the sale as "valid and proper", and providing that the sale "shall be recognized as such by the Louisiana Lottery Corporation, pursuant to this order, as articulated in Louisiana Revised Statute 47:9025B(1)."
On 27 October 1993, the Louisiana Lottery Corporation (the Lottery) filed a "Petition of Intervention for Appeal and Order for Appeal," alleging that the Orleans Parish court lacked both venue and subject matter jurisdiction, that the Lottery had no knowledge of the proceedings until after the delays for a new trial had run, and setting forth the Louisiana statutory prohibition against assignment of lottery prizes found in LSA-R.S. 47:9025(B). The petition also alleges the Lottery's status as an indispensable party to the litigation. The trial court granted the lottery corporation leave to file the petition and granted a suspensive appeal from its judgment of 29 September 1993.[2]
On 18 April 1994, the Lottery filed its brief on appeal together with an exception of no cause of action, a declinatory exception of lack of subject matter jurisdiction and a peremptory exception of failure to join an indispensable party.

FIRST ASSIGNMENT OF ERROR: The trial court erred in granting the ex parte order because exclusive subject matter jurisdiction lies with the Nineteenth Judicial District Court.
LSA-R.S. 47:9003 provides in pertinent part:
"D. The corporation [the Louisiana Lottery Corporation] shall be domiciled in the parish of East Baton Rouge....
"F. The exclusive venue for any action or matter against the corporation arising out *845 of or in connection with the issuance ... [of] a lottery ticket or payment ... of a lottery prize is the parish in which it is domiciled, and the district court for that parish has exclusive jurisdiction thereof...."
Because the order issued by the trial court is directed to the Lottery, the petition should be characterized as a matter against the corporation within the meaning of this statute, and exclusive venue lies with the Nineteenth Judicial District Court for the Parish of East Baton Rouge.

THIRD ASSIGNMENT OF ERROR: The trial court erred in granting the ex parte order because the Louisiana Lottery Corporation had not been joined as an indispensable party to the action.
LSA-C.C.P. art. 641 provides:
"Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
"No adjudication of an action can be made unless all indispensable parties are joined therein."
In New Orleans Firefighters Ass'n Local 632 v. Civil Serv. Com'n of City of New Orleans, 485 So.2d 1017 (La.App. 4th Cir.1986), writ denied 489 So.2d 921 (La.1986), this Court held that where the petition "did not seek action by the Civil Service Commission," the Commission was not an indispensable party. In the case at bar, the judgment requires the Lottery to act consistently with the sale and assignment of proceeds by C & J, Carmouche and Charles to Cove. It follows that the Lottery is, indeed, an indispensable party to the proceedings.

FOURTH ASSIGNMENT OF ERROR: The trial court erred in granting the order ex parte.
LSA-C.C.P. 963 governs granting of ex parte orders:
"If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
"If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party...."
LSA-R.S. 47:9025B(1)'s clear statutory prohibition of the sale sought to be given judicial confirmation removes this order from the category of those "to which mover is clearly entitled."
Although the appellant's first, third and fourth assignments of error are meritorious, we will not remand the case for re-filing in the proper venue for a contradictory hearing with the Lottery having the opportunity to appear. The appellant's second assignment of error presents a question of law which is dispositive of the case and, in the interest of judicial economy, we will address that legal issue.

SECOND ASSIGNMENT OF ERROR: The trial court erred in recognizing that the sale and assignment of lottery proceeds by C & J, Carmouche and Charles was valid and proper, and in ordering the Louisiana Lottery Corporation to recognize the assignment.
LSA-R.S. 47:9025 provides in pertinent part:
"B.(1) No prize, nor any portion of a prize, nor any right of any person to a prize awarded shall be assignable...."
The statute is a clear and unambiguous statement of legislative intent and, as such, should be applied in accordance with its terms. LSA-C.C. art. 9.[3]
The controlling statute provides for various situations in which the original prizewinner's prize properly might be paid to a third person. For example, in the event of the winner's death, proceeds may be payable to his estate or to her testamentary trust (LSA-R.S. *846 9025(B)(1)); proceeds are subject to attachments, garnishments and executions (LSA-R.S. 47:9025(A)); proceeds may be withheld in satisfaction of child support obligations (LSA-R.S. 47:9026). The statutory language allowing payment upon appropriate judicial orders provides the mechanism for execution of these payments to third parties. To interpret this provision to allow for a voluntary sale of lottery proceeds under the circumstances of this case would make these particular third party payment authorizations surplusage, and would make the prohibition against assignment of prizes virtually meaningless. Such an interpretation is inconsistent with civilian principles of codal interpretation.[4]

CONCLUSION
For the foregoing reasons, the judgment of the Civil District Court for the Parish of Orleans recognizing the sale of lottery proceeds by C & J Partnership, Mary Carmouche and Ambrose Charles to Cove First Acquisition Corporation as valid and proper, and ordering the Louisiana Lottery Corporation to recognize the sale as such is reversed.
REVERSED.
NOTES
[1] C & J was registered as a partnership by appropriate filing with the Louisiana Secretary of State on 26 March 1992. The partners were Escrelita Carmouche, Vashita Carmouche, Dianne Javery, Iris Anderson, Mary Carmouche and Ambrose Charles. On 26 February 1993, Escrelita Carmouche, Vashita Carmouche, Dianne Javery and Iris Carmouche withdrew from the partnership, notice of which was filed and registered in the office of the Secretary of State on 13 April 1993.
[2] The record reflects that on 3 November 1993, counsel for the Louisiana Lottery Corporation forwarded a copy of a "Petition to Annul Judgment" to the trial court; however, the record does not contain a copy of this judgment bearing evidence that the petition to annul was filed, nor do returns on service of process for this petition appear in the record on appeal.

All original petitioners were served through counsel of record with copies of the Petition of Intervention and For Appeal; counsel for Carmouche, Charles and C & J was served on 17 December 1993; counsel for Cove was served on 30 November 1993. On 4 May 1994, counsel for Cove withdrew from his representation, and no substitute counsel was named. No answer or reply brief has been filed on behalf of any of the original petitioners/appellees.
[3] "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." LSA-C.C. art. 9.
[4] This same result obtains in common law jurisdictions. See, In re Lotto Jackpot Prize of Dec. 3, 1982 Won by Marianov, 144 Pa.Cmwlth. 658, 602 A.2d 402 (1992), affirmed 533 Pa. 402, 625 A.2d 637 (1993); Converse v. Lottery Com'n, 56 Wash. App. 431, 783 P.2d 1116 (1989).