**Thomas A. LIVINGSTON**

v.

**Frank P. UNIS, Pennsylvania State Lottery, and Kathy McLaren Unis,**

**Kathy McLaren Unis, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 6, 1995.

Decided May 19, 1995.

Mark R. Alberts, for appellant.

Bruce J. Warshawsky, for appellee Livingston.

Vicky Ann Trimmer, Sr. Asst. Counsel, for appellee Pa. State Lottery.

Before PELLEGRINI and NEWMAN, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

In 1986, during the course of his marriage with Appellant Kathy McLaren–Unis, Frank P. Unis, Jr. (Unis) became a winner of the Pennsylvania State Lottery. As a result, the Lottery purchased an annuity contract from Metropolitan Life Insurance Company and designated Mr. Unis as the named beneficiary of the policy. Under the terms of the annuity contract, Mr. Unis was to receive twenty-one annual installments of $6,134.98 less $1,226.99 federal tax withholding. Prior to the present litigation, Mr. Unis received five installments for the years 1987–1991 inclusive.

The broad issue before us is whether the Court of Common Pleas of Dauphin County erred in determining that the claim of a Pennsylvania State Lottery winner's attaching judgment creditor had priority over the marital claim of the lottery winner's ex-wife. For the reasons below, we conclude that the husband/debtor's property is attachable by both the creditor *and* the ex-wife, but that, in this instance, the creditor is entitled to have his judgment satisfied prior to the ex-wife's claim. Therefore, aided by the well-reasoned analysis of the Honorable Richard A. Lewis of the Dauphin County court, we affirm.

Kathy McLaren–Unis, ex-wife of the lottery winner, appeals from the August 31, 1994 order of the Dauphin County Court of Common Pleas 1) granting Thomas Livingston's (Creditor's) petition for supplementary relief in aid of execution; 2) ordering the Pennsylvania State Lottery (Lottery), as gar-

nishee, to honor Creditor's September 1991 writ of attachment on the lottery proceeds of Frank Unis (Unis); and 3) upon satisfaction of the writ, ordering the Lottery to pay McLaren–Unis as directed by the decree of equitable distribution issued by the Allegheny County Court.

Mr. Unis was indebted to Creditor for legal services rendered in the amount of $50,000.00. (June 28, 1991 Judgment Note; R.R. 9a.) On July 29, 1991, judgment by confession was entered in Allegheny County against Mr. Unis and in favor of Creditor in the amount of $50,000.00 plus costs. (July 29, 1991 Praecipe for Judgment; R.R. 10a.) On September 5, 1991, the judgment was transferred to the Dauphin County Prothonotary under Pa.R.C.P. No. 3002 and Creditor requested that Dauphin County issue a writ of attachment to the sheriff naming the Lottery as garnishee. (September 5, 1991 Writ of Execution; R.R. 11a.) The Lottery was served with the writ and interrogatories on September 11, 1991.

The Lottery's answers to the interrogatories indicated that it owed Mr. Unis lottery winnings and that it owned an annuity contract with Unis as beneficiary. Pursuant thereto, Unis was to receive annual payments of $6,134.98 less federal tax withholding. At that time, five payments of $4,907.99 had been made and sixteen payments remained unpaid. After Creditor received the answers to the interrogatories, he caused judgment to be entered against the Lottery on November 12, 1991 in the amount of $55,072.75.

On March 3, 1992, McLaren–Unis filed a property claim with the Dauphin County Court, alleging that the lottery winnings garnished by Creditor were marital property and thus, immune from attachment. (March 3, 1992 Property Claim; R.R. 13–14a.) The property claim stems from a complaint in divorce filed by McLaren–Unis on January 27, 1992. Upon receiving notice of the property claim, the Lottery notified all parties that it was withholding all future installments pending resolution of the matters.

In a December 29, 1993 decree of equitable distribution agreed to by McLaren–Unis and

Unis, the Allegheny County Court awarded McLaren–Unis all of Unis' right, title, interest and entitlement to lottery proceeds and directed the Lottery to pay McLaren–Unis the proceeds to which Unis had been entitled pursuant to State Lottery Law. (December 29, 1993 Decree of Distribution; R.R. 28–35a.) Upon receiving the decree of equitable distribution, the Lottery remitted to McLaren–Unis the 1992 and 1993 installments that it had withheld earlier. The Lottery notified Creditor that it would not honor the September 1991 writ of attachment.

On March 9, 1994, Creditor filed a petition for supplementary relief in aid of execution with the Dauphin Court pursuant to Pa. R.C.P. No. 3118, requesting that the court enjoin any further distribution of lottery proceeds to McLaren–Unis. (March 9, 1994 Petition; R.R. 15–24a.) Therein, Creditor asked the court to find that the decree in the divorce action did not affect the validity of his writ of attachment and to order the Lottery to honor the attachment by distributing future annuity payments to him until his judgment against Mr. Unis was satisfied.

The court determined that Creditor's garnishment of Unis's proceeds was proper and that the Allegheny decree of equitable distribution did not affect Creditor's rights under the garnishment. Thus, the court ordered the Lottery to honor Creditor's prior September 1991 writ and pay the monies due under it. Upon satisfaction of Creditor's judgment, the Lottery was then to pay McLaren–Unis the remaining sums pursuant to the equitable distribution decree.

There are four issues before us for review: 1) whether Creditor's petition for relief in aid of execution under Pa.R.C.P. No. 3118 was a proper vehicle to determine the priority of the claims of Creditor and the ex-wife; 2) whether Creditor had an "appropriate judicial order" under Section 8 of the State Lottery Law;[1] 3) whether, even if lottery proceeds in general are subject to garnishment and attachment by a judgment creditor, the proceeds at issue were marital property and, thus, not subject to attachment; and 4) whether the doctrines of sovereign immunity

---

1. Act of August 26, 1971, P.L. 351, 72 P.S. § 3761–8.

and custodia legis render the Lottery immune from attachment and garnishment proceedings.

### Discussion

#### 1. Propriety of Pa.R.C.P. No. 3118:

■ Rule 3118, in pertinent part, provides as follows:

(a) On petition of the plaintiff, after notice and hearing, the court in which a judgment has been entered, may, before or after the issuance of a writ of execution, enter an order against any party or person

. . . .

(2) enjoining the transfer, removal, conveyance, assignment, or other disposition of property of the defendant subject to execution;

. . . .

(6) granting such other relief as may be deemed necessary and appropriate.

McLaren–Unis argues that the trial court improperly used Rule 3118 to determine title to property, instead of for the limited purpose of maintaining the status quo of the judgment debtor's property. *Greater Valley Terminal Corporation v. Goodman*, 415 Pa. 1, 202 A.2d 89 (1964). We agree.

■ Here, the trial court exceeded the scope of Rule 3118 by doing more than maintaining the status quo.[2] We conclude, however, that it would be judicially inefficient to remand this matter to the trial court when all of the necessary parties were able to participate in the matter before the Court of Common Pleas of Dauphin County,[3] albeit under the incorrect rule.

#### Rule 126. Liberal Construction and Application of the Rules

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. No. 126.

We acknowledge the fact that McLaren–Unis protested Creditor's use of Pa.R.C.P. No. 3118 in her Answer and New Matter to the Petition for Supplementary Relief in Aid of Execution. (April 4, 1994 Answer and New Matter; R.R. 49–50a.) We note, however, that in its opinion, the trial court observed that "Mrs. Unis offers no reason why she may be prejudiced by using Rule 3118 to resolve this matter." (Trial Court's August 31, 1994 Opinion at 5, n. 2.) Accordingly, we find that our disregard of the defective procedure in this matter does not detrimentally affect McLaren–Unis' substantive rights. Thus, despite the trial court's use of the incorrect rule of civil procedure, we nonetheless affirm its order. *See Department of Public Welfare v. Dauphin County Social Services for Children and Youth*, 90 Pa.Commonwealth Ct. 295, 495 A.2d 214 (1985).

#### 2. Appropriate Judicial Order:

■ Section 8 of the Lottery Law contains the exception to the general rule that a lottery prize is payable only to the prize winner:

No right of any person to a prize drawn shall be assignable, except that payment of any prize drawn may be paid to the estate of the deceased prize winner, and, except that any person pursuant to an *appropriate judicial order* may be paid the prize to which the winner is entitled. The Secretary shall be discharged of all further lia-

---

2. In its discretion, the court properly should have interpleaded *McLaren–Unis* pursuant to Pa. R.C.P. No. 2301. Interpleader is "essentially an equitable remedy, designed to determine in one proceeding the rights to property or money that is claimed by two or more persons but that is in the hands or possession of a third person who either claims or disclaims a right or interest therein." 7 Goodrich Amram 2d, § 2301:2.

3. We note that Mr. Unis did not participate. Our conclusion, however, is no different as Mr. Unis got notice of the proceeding and had an opportunity to participate in the same. (R.R. 24a, 54a, 65a, 70a, 74a, Lottery's Brief at 6.)

bility upon payment of a prize pursuant to this section.

72 P.S. § 3761–8 (emphasis added).

Here, McLaren–Unis argues that lottery prizes are not subject to attachment or garnishment by a winner's judgment creditors because a writ of execution does not constitute an "appropriate judicial order" under Section 8 of the Lottery Law. She contends that the ministerial manner in which confessed judgments and writs of execution are entered makes it clear that they do not constitute "judicial" orders.

 Having concluded in our disposition of the first issue that the trial court's determination under Pa.R.C.P. No. 3118 constituted a proper vehicle to determine the merits of the claims of Creditor and McLaren–Unis, we do not need to decide the issue of whether the writ of attachment execution itself constitutes an appropriate judicial order under Section 8.[4] We do hold that the Dauphin County Court's August 31, 1994 order determining after hearing the priorities of the parties and directing payment of proceeds in and of itself constitutes an "appropriate judicial order" under Section 8. We also note that both the Allegheny County equitable distribution order in favor of the wife and the same court's entry of judgment on the creditor's note were entered by agreement or confession. If one lacked "judicial" status then so did the other. On the other hand, the order of Judge Lewis, entered after the parties had the opportunity to be heard, does, in our judgment, meet the requirements of Section 8.

Here, based upon the timing of the parties' respective claims, Dauphin County Judge Lewis determined that Creditor's writ, served on the Lottery September 11, 1991, had priority over McLaren–Unis' decree of

equitable distribution, served on the Lottery December 29, 1993.

**Rule 3137. Priority of Distribution as Between Competing Plaintiffs**

. . . .

(b) When property is attached by service upon the garnishee of two or more writs of separate plaintiffs,[5] priority of distribution between them shall be determined by the date of service of their respective writs upon the garnishee as to all property then in the hands of the garnishee or coming into his possession up to the time of judgment against him.

Pa.R.C.P. No. 3137.

**Rule 3147. Judgment Against Garnishee on Pleadings or After Trial**

If the court enters judgment for the plaintiff and against the garnishee upon pleadings or after trial, the judgment shall be for the property of the defendant found to be in the garnishee's possession, but no money judgment entered against the garnishee shall exceed the amount of the judgment of the plaintiff against the defendant together with interest and costs.

Pa.R.C.P. No. 3147.

In addition, the case McLaren–Unis cites for her position supports our holding that the trial court's August 31, 1994 order constituted an "appropriate judicial order." In *In re Lotto Jackpot Prize of December 3, 1982, Won by Nicholas Marianov*, 144 Pa.Commonwealth Ct. 658, 602 A.2d 402 (1992) (*Marianov I*), aff'd, 533 Pa. 402, 625 A.2d 637 (1993) (*Marianov II*), a lottery winner attempted to sell off the remaining installments of his lottery prize. The Supreme Court affirmed our holding that a judicial order approving voluntary assignment of a lottery prize was not an "appropriate judicial

---

**4.** We note that, depending on the circumstances, judgments by confession may or may not constitute appropriate judicial orders. For example, an attorney with only a writ of execution does not have an appropriate judicial order at that time because he is merely in the process of obtaining a judicial order.

In addition, one cannot make a voluntary assignment of lottery proceeds via a confession, for example, thereby circumventing the prohibition against assigning a lottery prize. *See In re Lotto*

*Jackpot Prize of December 3, 1982, Won by Nicholas Marianov*, 144 Pa.Commonwealth Ct. 658, 602 A.2d 402 (1992) (*Marianov I*), aff'd, 533 Pa. 402, 625 A.2d 637 (1993) (*Marianov II*).

**5.** Pursuant to Pa.R.C.P. No. 3111(b), intangible personal property in the hands of a third party garnishee is attached upon service of the writ. *Helms v. Chandler*, 423 Pa. 77, 223 A.2d 30 (1966).

order" under Section 8 of the State Lottery Law.

In *Marianov I,* this Court stated that "the right to receive lottery payments is subject to garnishment or attachment execution" and "an order entering judgment against the garnishee and directing payment to the judgment creditor would be an 'appropriate judicial order' for purposes of section 8. . . ." *Marianov I,* 144 Pa.Commonwealth Ct. at 665, 602 A.2d at 405.

McLaren–Unis urges us to find significance in the fact that the Supreme Court in *Marianov II,* the decision affirming *Marianov I,* did not repeat this Court's example of an order entering judgment against a garnishee and directing payment to a judgment creditor as an "appropriate judicial order." Her contention is without merit.

*Marianov* did not involve the issue of whether an order which, as here, determined lien priority between contesting claimants, was an appropriate judicial order. Thus, there is little significance in the Supreme Court's failure to reiterate in *Marianov II* all of the examples we enumerated in *Marianov I.*[6] As the Supreme Court never ruled on the issue of whether an order entering judgment against a garnishee and directing payment to a judgment creditor constitutes an appropriate judicial order, we are bound by our language in *Marianov I.*

### 3. Lottery Proceeds as Marital Property:

■ McLaren–Unis argues that the lottery proceeds are not subject to attachment because they are marital property. She notes that the Superior Court has held that proceeds from a winning lottery ticket purchased by a spouse during a couple's marriage constituted marital property as the right to receive the winnings accrued during the marriage. *Nuhfer v. Nuhfer,* 410 Pa.Superior Ct. 380, 599 A.2d 1348 (1991).

The case before us is distinguishable from *Nuhfer,* however, because here, Mr. Unis' creditor attached the winnings and served the Lottery *prior* to the time the Divorce Court entered its order and served the Lottery. Because property is attached upon service of the writ,[7] the only property to which McLaren–Unis has a derivative right is that property remaining, if any, after the Creditor's pre-existing debt is satisfied. 23 Pa.C.S.A. § 3501(a)(7); *In re Polliard,* 152 B.R. 51 (1993); *In re Roberts,* 81 B.R. 354 (1989). *See also County of Butler v. Brocker,* 455 Pa. 343, 314 A.2d 265 (1974); *Taylor v. Kaufhold,* 379 Pa. 191, 108 A.2d 713 (1954); *Iscovitz v. Filderman,* 334 Pa. 585, 6 A.2d 270 (1939); *Commerce Bank v. Bello,* 9 D & C4th 607 (1991).

■ Even though, in general, lottery proceeds won during a couple's marriage constitute marital property, that does not mean that the winnings should be treated like entireties property, for example, which, absent fraud, is not vulnerable to a debtor-spouse's creditors. *Constitution Bank v. Olson,* 423 Pa.Superior Ct. 134, 620 A.2d 1146 (1993); *Klebach v. Mellon Bank, N.A.,* 388 Pa.Superior Ct. 203, 565 A.2d 448 (1989), *petition for allowance of appeal granted,* 527 Pa. 647, 593 A.2d 420 (1990).

In addition, McLaren–Unis consented to the issuance of a decree of equitable distribution in which she acknowledged that the Creditor had already garnished the lottery winnings. Thus, she acknowledged the fact that her husband could give her only that to which he had a right in paragraph 4 of their decree:

> 4. LOTTERY PROCEEDS. The parties agree, recognize and acknowledge that during the course of their marriage, and prior to the date of their final separation, Husband became a lotto/lottery prizewinner of the Pennsylvania State Lottery. As a result, the . . . Pennsylvania State Lottery owns an annuity contract of which Frank P. Unis, Jr. is beneficiary. Said annuity contract entitles Frank P. Unis, Jr. to an additional sixteen (16) remaining annual installments of $6,134.98 less

---

6. An omission of this nature would have significance, for example, if the General Assembly had included a term in the prior version of a statute, but had neglected to incorporate it when promulgating the updated version. *See* Section 1961 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1961.

7. Pa.R.C.P. No. 3111(b).

$1,226.99 federal tax withholding. In recognition of Wife's claims for equitable distribution, alimony pendente lite and alimony, *all of Husband's right, title, interest and entitlement to the aforementioned lottery proceeds is hereby awarded to Wife* and the Pennsylvania State Lottery ... is hereby directed to pay to Kathy McLaren Unis the prize to which Frank P. Unis, Jr. is entitled pursuant to the State Lottery Law, 72 P.S. § 3761–1 *et seq,* and, specifically § 3761–8 of the State Lottery Law. The parties further acknowledge and agree that the assignment of Husband's lottery winnings to Wife as set forth herein is an 'appropriate judicial order' pursuant to § 3761–8. ... *The parties further acknowledge that Thomas A. Livingston has garnished the aforementioned lottery winnings by causing a writ of execution to be issued against the Pennsylvania State Lottery, Garnishee, in the Court of Common Pleas of Dauphin County ... at No.: 2337 N 1991.*

(December 29, 1993 Decree; R.R. 31a) (emphasis added).

McLaren–Unis argues that her mere acknowledgement in the decree that Creditor had garnished the proceeds does not mean that she admitted that the garnishment was valid or that she agreed to receive only those lottery payments remaining after Creditor's debt was satisfied. She contends that her *subsequent* decree is somehow more "judicial" and more important by its very nature than the Creditor's *earlier* writ and thus, should take precedence over the writ. This view is simply incorrect.

Here, in full consideration of the couple's equitable decree of distribution, the Dauphin County court quite properly found that McLaren–Unis was entitled to only that which her husband had the right to give her and directed that she was to receive the remaining payments only after the Creditor's judgment was satisfied. (Trial Court's August 31, 1994 Opinion at 12–13.) Thus, the court adhered to the basic tenet that her husband could not give her that to which he himself was not entitled because it was subject to a prior writ of attachment.

### 4. Doctrines of Sovereign Immunity and Custodia Legis:

McLaren–Unis also argues that the doctrines of sovereign immunity and custodia legis render the Lottery immune from attachment and garnishment proceedings. *Ramins v. Chemical Decontamination Corporation,* 126 Pa.Commonwealth Ct. 559, 560 A.2d 836 (1989). The Lottery, however, contends that sovereign immunity and custodia legis are inapplicable here, respectively, because it is conducting a commercial-like endeavor and Section 8 itself provides a limited waiver to immunity. *See Central Contracting Co. v. C.E. Youngdahl & Co.,* 418 Pa. 122, 209 A.2d 810 (1965) (holding that, when the Commonwealth or an agency thereof routinely enters into commercial or commercial-like ventures, an exception exists to the general rule that funds linked to individuals in the possession of a governmental body are not subject to attachment).

We agree with the Lottery that its conduct of a commercial-like venture and the language of Section 8 vitiate its immunity to attachment or garnishment disputes. We decline, however, to discuss this issue in greater depth as the Lottery did not raise it before the trial court. (Trial Court's August 31, 1994 Opinion at 10, n. 7.)

### Conclusion

Accordingly, we affirm the August 31, 1994 order of Judge Richard A. Lewis of the Court of Common Pleas of Dauphin County.

### *ORDER*

AND NOW, this 19th day of May, 1995, the order of the Court of Common Pleas of Dauphin County dated August 31, 1994 at No. 2337 N, 1991 is hereby affirmed.