Dona M. BELTRAMI a/k/a Dona M. Rossi, Appellee,

v.

ROBERT D. ROSSI, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 6, 1998.

Filed March 4, 1999.

John P. Finnerty, Kingston, for appellee.

Thomas D. Kenny, Philadelphia, for State Employees' Retirement System, participating party.

Before KELLY, BROSKY and BECK, JJ.

BROSKY, J.

¶ 1 This is an appeal from an order granting relief pursuant to a petition for relief in aid of execution. The relief granted was in the form of the issuance of a Domestic Relations Order to facilitate the payment of a portion of appellant's pension payments di-

rectly to appellee. Appellant raises four issues for our consideration: may the trial court enter a Domestic Relations Order in response to a Pa.R.Civ.P. 3118 petition in aid of execution upon a judgment entered in a contract action; is the Pennsylvania State Employee Retirement System (SERS) subject to an attachment in aid of execution upon a judgment entered in a civil action for money damages against a member of SERS; is appellee barred by the doctrine of res judicata from obtaining a Domestic Relations Order (DRO); and did the lower court lack jurisdiction to issue a DRO due to appellee's failure to exhaust administrative remedies? We affirm.

¶ 2 The parties were previously married but divorced in 1988. Seeking to settle their economic claims against one another the parties entered into an agreement to that effect which was dated July 8, 1987 and later incorporated into the divorce decree. A relevant portion of the agreement provides "Husband specifically agrees that Wife shall be entitled to one-half of his State Police retirement benefits as valued on August 1, 1987, which benefits may be payable as a result of his retirement or death, as shown on Exhibit "C" attached hereto." Appellant retired on January 1, 1991 and has been receiving monthly pension payments in the amount of $3,024.74 but has not made any voluntary payments to appellee. Appellee ultimately responded to the situation by filing a suit for breach of contract on July 29, 1993, alleging that appellant had failed to honor the property settlement agreement. A non-jury trial was held that resulted in a judgment being entered in appellee's favor on February 20, 1997, in the amount of $97,648.20.

¶ 3 During the course of discovery in aid of execution it became apparent that, other than the pension payments, appellant had very few assets from which to satisfy the judgment. Accordingly, appellee filed a petition for relief in aid of execution seeking attachment of appellant's pension payments. After a hearing on the matter Judge Gifford S. Cappellini entered an order which, in effect, collaterally issued a Domestic Relations Order for purposes of effectuating the direct payment of one-half of appellant's monthly pension payments directly to appellee. The DRO was drafted to comply with the provisions of 71 Pa.C.S.A. §§ 5106–5956, which govern the payment of SERS benefits pursuant to a DRO. The present appeal followed.

¶ 4 Appellant first argues that the court overstepped its bounds in issuing a Domestic Relations Order as relief in proceedings initiated by the filing of a petition under Pa.R.Civ.P. 3118 (which is entitled Supplementary Relief in Aid of Execution). Appellant cites cases that indicate that the purpose of Rule 3118 is to allow the court to take action to preserve the *status quo* of the judgment debtor's property only. *See*, for example, *Marshall Ruby & Sons v. Delta Mining Co.*, 702 A.2d 860 (Pa.Super.1997). Appellant further argues that the issuance of a DRO goes much further than preserving the *status quo* and therefore is impermissible. We would have to agree that the court's action goes beyond the preservation of the *status quo*. Nevertheless, following the lead of our sister court in *Livingston v. Unis*, 659 A.2d 606 (Pa.Cmwlth.1995), we see no point in vacating the order in question as that action would simply necessitate the refiling of a petition alleging essentially the same facts under a different provision of the Rules of Civil Procedure or the Divorce Code.

¶ 5 The *Livingston* case dealt with the attachability of lottery winnings. Unis won a lottery that resulted in the Pennsylvania State Lottery's purchase of an annuity from Metropolitan Life Insurance Company in Unis' behalf. Livingston was a judgment creditor of Unis and successfully sought attachment of the lottery/annuity payments. However, Unis was in the process of a divorce at the time which prompted his wife to file a property claim alleging that the lottery proceeds were marital property and not subject to attachment. Livingston subsequently filed a petition in aid of execution asking the court to enjoin any payment of lottery proceeds and seeking a determination that the decree in divorce did not affect the validity of his writ of attachment. The court concluded that the Livingston's garnishment of the lottery proceeds was proper and that the decree of equitable distribution did not affect Liv-

ingston's rights under the garnishment. The court then reinstated the garnishment.

¶ 6 Upon appeal it was contended, *inter alia*, that Rule 3118 was an improper vehicle for determining the priority of claims of Livingston and Ms. McLaren–Unis. The Commonwealth Court agreed that the Court of Common Pleas had acted beyond the scope of Rule 3118 in determining the priority of claims and ordering the attachment to proceed. Nevertheless, the court concluded that there was no point in vacating the order because all necessary parties had participated in the Rule 3118 proceeding and none of the parties' substantive rights had been detrimentally affected by proceeding in an improper fashion. We think the same is true of the present case. Although technically Rule 3118 is an improper vehicle to order attachment of the SERS pension payments, appellant had a full and fair opportunity to litigate appellee's entitlement to an attachment. As such, we see no prejudice in the court's actions below.

¶ 7 In his second argument appellant asserts that the SERS is not subject to attachment in aid of execution upon a judgment entered in a civil action for money damages. However, appellant incorrectly states the basis for attachment. Attachment in the present case was ordered pursuant to a Domestic Relations Order, which is allowable by legislation governing the operation of the SERS. *See*, 71 Pa.C.S.A. § 5953(a)(3) and 5953.1. As such, appellant's argument is factually incorrect.

■ ¶ 8 To the extent appellant is implying that the judgment at issue is an improper basis for the issuance of a Domestic Relations Order we disagree. 23 Pa.C.S.A. § 3502(e)(6) allows attachment as a remedy where a party fails to comply with either an equitable distribution order or **the terms of an agreement entered into between the parties.** Further, as the case of *Grieve v. Mankey* demonstrates, the court is also empowered to order the transfer or sale of any property in order to facilitate compliance with a settlement agreement. *Id.*, at § 3502(e)(4).

¶ 9 In *Grieve v. Mankey*, 451 Pa.Super. 318, 679 A.2d 814 (1996), we held that pursu-

ant to 23 P.S. § 401(k)(4), a predecessor of § 3502(e)(4), the court was empowered to enter a Domestic Relations Order directing the attachment of a pension benefit from the Public School Employees Retirement System. There is no material distinction between the SERS and the PSERS, both Pennsylvania Government type pensions, and consequently we must conclude that the court below was fully authorized under 23 Pa.C.S.A. § 3502 to attach the pension payments to effectuate the equitable distribution scheme.

¶ 10 Further, the judgment in question relates directly to the exact asset in question, namely, appellant's pension benefits. By agreement dated July 8, 1987, appellant, in essence, granted appellee a one-half interest in the value of his pension as of August 1, 1987. Yet despite having retired from state service in 1991 and receiving pension payments from that time appellant, as of the time of the entry of the order in question, had yet to pay appellee any of the pension benefits. Thus, the attachment in the present case was not merely the attachment of available income to satisfy a general divorce/domestic related obligation, but rather, the actual effectuation of the parties' agreement.

■ ¶ 11 Appellant's third argument is demonstrably void of merit. Appellant asserts that appellee is barred by *res judicata* from seeking attachment of the pension payments due to the fact that she filed a breach of contract action in 1993. Appellee's 1993 action was for breach of contract and determined that appellant was, in fact, in breach of contract and that appellant owed appellee a certain sum of money. The action resulted in an entry of judgment in appellee's favor which appellant was obligated by law to satisfy but has yet to do so. Appellee's litigation efforts since that time are nothing more than attempts to actually collect and enforce the judgment, a right bestowed upon every litigant. If appellant's argument were adopted no party would ever be entitled to pursue collection efforts on a judgment resulting from litigation because it would represent a second litigation to gain the same

thing. Thus any judgment debtor could avoid payment by simply refusing payment and asserting a *res judicata* argument when the judgment creditor sought enforcement. This is a completely spurious position.

¶ 12 Appellant's lastly asserts that the court below lacked jurisdiction to issue a DRO because appellee failed to exhaust administrative remedies. This argument is patently void of merit because, as appellant argued earlier, the SERS may make payments to appellee only upon the issuance of a DRO properly submitted to the SERS and approved by the SERS. The SERS is not empowered to issue such a DRO, only the Court of Common Pleas may enter such an order. As such, appellee was required to seek a DRO from the court. Should there be any conflict over whether the DRO meets the statutory requirements or should any other dispute between appellee and the SERS come to light, appellee may well be required to seek administrative relief prior to seeking court intervention in resolving the dispute between herself and the SERS. But as to the present matter appellee had no other avenue but resort to the court for a DRO.

¶ 13 For the above reasons we shall affirm the order appealed from.

¶ 14 Order affirmed.